# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1132**

**TP 13-00486**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF PAMELA MARCOTTE, PETITIONER,

V        MEMORANDUM AND ORDER

PAUL HOLAHAN, COMMISSIONER OF ENVIRONMENTAL
SERVICES AND CITY OF ROCHESTER, RESPONDENTS.

---

CHAMBERLAIN D'AMANDA OPPENHEIMER & GREENFIELD LLP, ROCHESTER (MATTHEW J. FUSCO OF COUNSEL), FOR PETITIONER.

ROBERT J. BERGIN, CORPORATION COUNSEL, ROCHESTER (YVETTE CHANCELLOR GREEN OF COUNSEL), FOR RESPONDENTS.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Evelyn Frazee, J.], entered March 18, 2013) to annul a determination finding petitioner guilty of specified acts of misconduct and imposing a penalty of demotion.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner, an employee of respondent City of Rochester, commenced this CPLR article 78 proceeding seeking to annul the determination finding her guilty of specified acts of misconduct and imposing a penalty of demotion. Contrary to petitioner's contention, the determination is supported by substantial evidence, i.e., "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180). Additionally, we conclude that the penalty of demotion "is not so disproportionate to the offense[s] as to be shocking to one's sense of fairness, and thus does not constitute an abuse of discretion as a matter of law" (*Matter of Szczepaniak v City of Rochester*, 101 AD3d 1620, 1621 [internal quotation marks omitted]).

Entered: November 8, 2013            Frances E. Cafarell
                                                 Clerk of the Court